UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BRIDGETT OUTLAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:11-cv-138-RLY-WGH |
| | ) | |
| REGIS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Bridgett Outlaw, filed a Complaint against her former employer, Regis Corporation, alleging that Regis's termination of her employment constituted discrimination on the bases of race and religion in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*. Regis now moves for summary judgment on the issue of liability. For the reasons set forth below, the Motion is **GRANTED.**

**I.     Factual Background and Procedural History**[1]

Outlaw, an African-American, was first hired by Regis during the 1990's as a hair stylist. (Deposition of Bridgett Outlaw ("Outlaw Dep.") at 24-25). The salon where Outlaw worked was located in Washington Square Mall in Evansville.

---

[1] Outlaw submitted documents and letters in opposition to the Motion, however, notwithstanding the notice given by Defendant (Docket # 65), none of the tendered items are in the form of an affidavit or declaration in compliance with FED. R. CIV. P. 56(c)(4). As a result, the court has only considered Outlaw's statements in her deposition testimony provided to the court in determining the material facts.

1

(*Id.* at 24). Outlaw worked at the Washington Square Regis for approximately three years, but was terminated after a salon manager had to re-do a haircut Outlaw had performed on a customer. (Outlaw Dep. at 27-30).

On or about October 16, 2007, Outlaw began working for the Regis Hair Salon located in the Eastland Mall in Evansville ("Eastland Regis") as a full-time stylist. (Affidavit of Jane Schenk ("Schenk Aff.") ¶ 7). The Eastland Regis is a retail establishment and full-service salon that is owned and operated by Regis Corporation. (Schenk Aff. ¶ 2). At the time Schenk hired Outlaw, she was unaware that Outlaw had been fired from the Washington Square Regis. (Schenk Aff. ¶ 5-6).

Throughout the time Outlaw, a self-identified Christian, was employed at the Eastland Regis, she kept a Bible at her workstation. (Schenk Aff. ¶ 8; Outlaw Dep. at 165-166). Schenk never expressed disapproval of this, nor did she tell Outlaw that Outlaw could not keep a Bible there. (*Id.*).

On December 30, 2010, Outlaw received a written warning from Schenk for poor technical skills after a customer called the salon and complained that Plaintiff had not layered her hair as requested. (Schenk Aff. ¶¶ 9-10; Outlaw Dep. at 100). Schenk stated in the written warning that if Eastland Regis received any more customer complaints, Outlaw would be terminated. (Schenk Aff. ¶ 10; Defendant's Ex. 2). Outlaw signed and dated the written warning. (*Id.*). One month later, on February 5, 2011, Eastland Regis received another complaint from a customer that her hair was "fried" and her scalp was sore from Outlaw coloring her hair. (Schenk Aff. ¶ 11). Instead of terminating Outlaw, Schenk issued a final written warning. (Defendant's Ex. 3). The final written warning

stated that Outlaw was receiving the warning due to her unsatisfactory technical skills and because she stole a customer from another stylist.  (*Id.*).  Like the previous warning, this stated that "if this happens again, you (Outlaw) will be terminated."  (*Id.*).  Outlaw signed and dated the warning.  (Defendant's Ex. 3).

On February 19, 2011, Outlaw performed another unsatisfactory haircut on a customer, and cut two of her family members' hair for free, contravening company policy.  (Schenk Aff. ¶¶ 13-15).[2]  Schenk prepared a termination form, delivered it to Outlaw on February 20, 2011, and terminated her that day.  (Schenk Aff. ¶¶ 18-19; Defendant's Ex. 4).

Outlaw filed a claim with the Equal Employment Opportunity Commission ("EEOC.") on July 23, 2011, alleging that Regis discriminated against her on the bases of race and religion.  She received her Dismissal and Notice of Rights from the EEOC on October 27, 2011, and filed suit in the U.S. District Court for the Southern District of Indiana on November 1, 2011.

## II.    Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-252, 106 S. Ct. 2505, 91 L. Ed. 2d

---

[2] Outlaw disputes that the company policy was violated [Outlaw Dep. at 129], but does not offer any supporting documents to contradict Schenk's affidavit on that point.

202 (1986). Some alleged factual dispute of material fact will not alone defeat a summary judgment motion. (*Id.* at 247-48).

Federal Rule of Civil Procedure 56(c) ("Rule 56(c)") mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an essential element to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp v. Cattrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether a genuine issue of material fact exists, the court views the evidence and draws all inferences in favor of the nonmoving party. *Miranda v. Wis. Power & Light Co.,* 91 F.3d 1011, 1014 (7th Cir. 1996). However, when a summary judgment motion is made and supported by evidence as provided in Rule 56(c), the nonmoving party may not rest on mere allegations or denials in its pleadings but "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

**III.   Discussion**

    **A.   Plaintiff's Race Discrimination Claim**

Outlaw claims that she was terminated from her job at Eastland Regis because of her race (African-American). Outlaw pursues this discrimination claim under the indirect method of proof. To sustain her claim, she must show:(1) she is a member of a protected class; (2) she was meeting Eastland Regis's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees not in the protected class were treated more favorably. *McDonnell-Douglas Corp v. Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). If Outlaw

4

establishes a *prima facie* case of discrimination, Regis must offer a legitimate, nondiscriminatory reason for its employment decision. *Id.* The burden then shifts back to Outlaw to prove that the reason articulated by Regis is pretextual. *Lucas v. PyraMax Bank, FSB,* 539 F.3d 661, 666 (7th Cir. 2008).

Outlaw identifies her adverse employment action as Eastland Regis terminating her because she is African-American. Outlaw cannot establish that she was meeting Eastland Regis's legitimate performance expectations at the time of her termination. As noted above, in the six weeks leading up to her termination, Outlaw was cited for poor technical skills on three different occasions. (Defendant's Ex. 2-4). Outlaw received two written warnings, warning her that her work did not meet Eastland Regis's performance expectations. (*Id.*).

In addition, Outlaw presents no evidence that similarly situated employees not in her protected class were treated more favorably. In her Amended Complaint, she claims that white stylists and African-American stylists were not held to the same technical standards because white stylists were not required to take ethnic classes to keep their jobs. She also claims that some white employees with less seniority were given more lucrative jobs even though they were right out of beauty school. However, Outlaw has not identified another stylist outside her protected class who demonstrated poor technical skills several times and was not terminated. She also does not identify any company rules or protocol that required her to take classes white stylists were not required to take. The evidence presented by Regis leads the court to conclude that Outlaw was terminated

5

because of her poor technical skills, not because she is African-American. (Schenk Aff. ¶ 18).

The court need not reach the issue of pretext, as Outlaw has failed to state a *prima facie* case of discriminatory discharge under *McDonnell Douglas*. *Cowan v. Glenbrook Sec. Servs., Inc.,* 123 F.3d 348, 445 (7th Cir. 1997). Regis's motion for summary judgment on Outlaw's race discrimination claim is therefore **GRANTED.**

### B. Plaintiff's Religion Discrimination Claim

Outlaw contends that she was terminated from the Eastland Regis because of her religion (Christianity) and because she kept a Bible on top of her workstation. (Outlaw Dep. at 165-166). Title VII makes it unlawful for an employer to fire an employee solely on the basis of religion. 42 U.S.C. § 2000e-2(a)(1). The statute defines "religion" to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). To defeat an employer's motion for summary judgment, a plaintiff can proceed under either the "direct" or "indirect" method of proof. *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012). Under the direct method of proof, the method under which Outlaw proceeds, a plaintiff must show, by way of direct or circumstantial evidence, that her employer's decision to take the adverse employment action against her was motivated by an impermissible purpose, such as religion. *Rhodes v. Ill. Dept. of Transp.,* 359 F.3d 498, 504 (7th Cir. 2004). A plaintiff can also prevail under the direct method of proof by constructing a "convincing mosaic" of circumstantial evidence that "allows a jury to infer intentional discrimination by the decisionmaker". *Troupe v. May Dept. Stores Co.,* 20 F.3d 734, 737 (7th Cir. 1994). The circumstantial

evidence, however, "must point directly to a discriminatory reason for the employer's action." *Adams v. Wal-Mart Stores, Inc.,* 324 F.3d 935, 939 (7th Cir. 2003).

The undisputed facts of this case indicate that Outlaw was subjected to an adverse employment action when she was terminated from the Eastland Regis on February 20, 2011. (Schenk Aff. ¶ 19; Outlaw Dep. at 133-134). Outlaw presents no evidence that Schenk's decision to terminate Outlaw was motivated by her keeping a Bible on her workstation. Outlaw admitted that no one ever told her that they did not want her to have a Bible on her workstation. (Outlaw Dep. at 166). Outlaw has provided no additional evidence that any of her co-workers or Schenk ever made any type of comments that would indicate her Bible was the reason for her termination.

Outlaw also claims that she was terminated because of her Christian beliefs, and contends that on the day she was terminated, the District Manager Katie Joyner told her, "I know you are a Christian. I know you want to do the right thing. It would be good for you if you just left…." (Outlaw Dep. at 135). Outlaw alleges that Joyner was later terminated by Regis for her statements to Outlaw. (Plaintiff's Amended Complaint at 6-7). Regis states Joyner retired from the company, and Outlaw has provided no evidence that Joyner was actually terminated.

Evidence of discriminatory motives must have some relationship with the employment decision in question. *Randle v. LaSalle Telecommunications, Inc.,* 876 F.2d 563, 569 (7th Cir. 1989). However, inappropriate but isolated comments that amount to no more than "stray remarks" in the workplace will not do. *Id.* Schenk was the manager who determined Outlaw should be terminated, and there is no evidence that Schenk spoke

7

to Joyner about terminating Outlaw. (Schenk Aff. ¶ 18-19). Furthermore, Outlaw only requested to speak to Joyner after she had been terminated. *Id.*

For the reasons set forth above, Outlaw fails to establish a *prima facie* case, and her religious discrimination claim fails as a matter of law. Regis's motion for summary judgment on Outlaw's religious discrimination claim is therefore **GRANTED.**

### IV. Materials Supplied After Defendant's Reply in Support of Summary Judgment (Docket # 67)

Pursuant to Southern District of Indiana Local Rule 56-1(d) ("Local Rule56-1(d)"), a party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. S.D. IND. L. R. 56-1(d). The surreply must be filed within seven (7) days after movant serves the reply and must be limited to the new evidence and objections. *Id.* Regis did not cite new evidence in its reply, and did not object to the admissibility of the evidence in the response. Therefore, the materials submitted by Outlaw after Regis's Reply Brief were not considered in ruling on this motion.

However, one document filed by Outlaw needs some comment. That document, a second EEOC charge of discrimination filed by Outlaw on October 9, 2012, does not allege that the termination by Regis, which is the subject of this lawsuit, was retaliatory. (Docket # 70). Rather, that charge alleges that after this termination, Regis retaliated against Outlaw by failing to rehire her on other occasions. The facts in the newly filed charge implicate other time periods and other decision makers, not from the same core of operative facts in this case. To the extent a rehire claim does arise from this

charge, Outlaw may file a new complaint. The court advises Outlaw to seek counsel so that any future filing of a new complaint is done in a timely manner.

## V. Conclusion

For the reasons set forth above, Regis's Motion for Summary Judgment (Docket # 62) is **GRANTED**. A separate final judgment in favor of Defendant shall issue forthwith.

**SO ORDERED** this 8th day of February 2013.

                                                RICHARD L. YOUNG, CHIEF JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed by U.S. Mail:

Bridgett Outlaw
1922 West Indiana
Apt. B
Evansville, IN 47712